IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES RYAN, et ux.            :
                              :
v.                            :   Civil Action No. WMN-02-240
                              :
HARFORD MEMORIAL HOSPITAL,    :
et al.                        :

**MEMORANDUM**

Presently before the Court is Plaintiffs' Motion to Preclude Duplicative Expert Witnesses (Paper No. 31).  The motion is ripe for decision.  Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiffs' motion will be denied.

This case involves allegations that Defendants failed to diagnose and treat a cranial bleed when Plaintiff James Ryan was admitted to Harford Memorial Hospital after having suffered a cardiac arrhythmia at a gas station.  Subsequent to this incident, Plaintiff James Ryan had a heart transplant.  Plaintiffs have brought this action against the hospital, an emergency room physician, a cardiologist, and an ICU specialist.  Additionally, Plaintiffs claim significant neurologic injuries and damages to Plaintiff's ability to carry out his profession as a result of the alleged malpractice.

Pursuant to the Scheduling Order issued in this case, Defendants disclosed their experts as follows: three cardiologists (one of whom is a cardiac surgeon), two emergency room physicians, one pathologist, two pulmonary and intensive care medicine specialists, one hematologist, one annuitist, one economist, one

vocational rehabilitation specialist, one neurologist, and one neuropsychologist.  Plaintiffs argue that having more than one expert per field is cumulative, unnecessary and prejudicial.  Plaintiffs claim that the "requirement for all parties to incur the loss of time, energy and expense involved in traveling, preparing and conducting depositions of the numerous duplicative experts identified by the Defendants is a waste of time and an unneeded hindrance in the efficient prosecution of this case."  Mot. at ¶ 6.  Plaintiffs request that the Court limit Defendants to one expert per field of expertise or that "the Defendant designating the expert bear any and all costs associated with Local Rule [104].11(a) and F.R.C.P. 26(b)(4)(C)."

    Defendants argue that the Maryland Health Claims Arbitration Act at § 3-2A-05(d) provides:

> Testimony by additional experts.  A party may not present testimony from more than 2 experts in a designated specialty before an arbitration panel unless the panel chairman, for good cause shown, permits additional experts.

Although this statute pertains to cases in arbitration, it provides a good standard for courts to follow during the litigation process as well.  In the instant action, Defendants have called more than two experts in just one field, cardiology.  One of the named experts, however, is a cardiac surgeon while the other two experts are cardiologists.  Additionally, Defendants have named more than one expert in just three fields.  Plaintiffs sued numerous Defendants

from different medical specialties and claim damages that relate to additional fields.  The Court finds that the number of experts named by Defendants is not unreasonable.  While it is possible that Defendants may determine that all of the named experts are not necessary at trial, the Court concludes that there is no equitable justification to limit Defendants to one expert per field of expertise.  Further, the Court will deny Plaintiffs' request that the Defendant "designating the expert bear any and all costs associated with Local Rule [104.]11(a) and F.R.C.P. 26(b)(4)(C).  A separate order consistent with this memorandum will issue.

>                     _____/s/_____
>                     William M. Nickerson
>                     Senior United States District Judge

Dated: April 8, 2003